All right. Mr. Ellis, can you hear us? Great. Thank you. And Mr. Prince? All right. You may proceed. Good morning. My name is Colin Prince, and on behalf of the Federal Defender's Office I represent Mr. Azeem. I shall endeavor to watch my own clock and reserve three minutes of time. Very well. We are today asking the Court vacate Mr. Azeem's sentence and remand this for resentencing. As I see it, there are two primary issues. One, the application of the charitable enhancement under the guidelines, and the second is the substantive reasonableness of Mr. Azeem's sentence. Is there a place the Court would like me to start? Yes. Specifically, you raised a Rule 32 argument. It seems to me there's two aspects to your argument. One is, should the enhancement have applied at all, based on these facts? And there's also, should there have been more notice? So you can take them either way. I definitely have questions for you about your notice argument, but proceed how you wish. Well, then I'll start with the notice argument, Your Honor. So can I start with why this matters? Sure. And I think the fundamental problem here is that the parties showed up unprepared to litigate as a purely factual matter whether Phoenix Counseling, LLC, is a non-profit. Everybody showed up, but there are no witnesses, there is no evidence, there is nothing. And that is the fundamental problem. Rule 32 specifically requires that before the sentencing hearing, the probation officer, themselves an arm of the Court, identify the applicable guidelines and calculate the characteristic, this Subsection B-9. You can't calculate the guideline without that. It is part of Rule 32d. It's part of the plain language of Rule 32d. So you have that right there. Our position is Rule 32 plainly requires notice of this. The second part about this is that Rule 32 beyond Subsection D has an entire scheme. We do an interview with the defendant. We get a draft of the PSR. We see that draft and, candidly, Your Honors, we typically talk to the probation officer behind the scenes. We see if there's concerns. We try to avoid objections. But if we have objections, we marshal evidence. We get witnesses. We subpoena things. And the whole idea is that you can file a brief, you can file a response brief, and then you show up on the day of sentencing. Had this happened here, Mr. Azeem's attorney could have potentially subpoenaed J.G., the victim themselves, could have subpoenaed the guardian from California to testify, could have brought records from Washington State showing that Phoenix Counseling is not a nonprofit. And the truth is, on this record, I truly don't know. I submitted some records that were public record from the Washington State's Secretary of State Office, suggesting it is a for-profit entity. So if the court adopts this rule, the Surprise Enhancements Rule that the government proposes, it undoes the entire scheme envisioned by Rule 32. And I think that's a problem. Let me ask you this, counsel. I'm looking at page 71 of the excerpts of record. That's the sentencing transcript. This is when the court first brings up that enhancement. And the, well, the court had brought it up. This is when defense counsel starts speaking about the enhancement, I should say, on page 71. And I'm looking at line 19 of that transcript. And this is where defense counsel, you know where I'm going. Defense counsel says, you know, you kind of surprise us with this. The court says we can take a recess if you want. And no one requested a recess. So I appreciate your argument on Rule 32, but when the court says we can take a recess and no one takes them up on it, where is the Rule 32 error? Two places, Your Honor. Yeah. One, a recess is different from a continuance. If I was in Mr. Goddard's position, the attorney, I would say to myself, what am I going to do out in the hall? I don't have the ability to subpoena J.G. to get the guardian on the line right here. A five-minute recess does me no good. And the second part of that, Your Honor, is what the court says immediately after that line, which is whether or not Phoenix Counseling Service is nonprofit or for-profit is representation to the guardian. We housed her. We fed her. We want to get paid for that. The court is simply concluding that I kind of don't care what you show me. I'm concluding that his representation shows that he's acting in a charitable capacity. And so I think the court is simply telegraphing, my mind's made up. The logic is there. And respectfully, we think that logic is wrong. I offered in the briefing the example of a for-profit hospital. A for-profit hospital might provide services to a homeless person and then seek reimbursement from Medicare. That does not transport it in front of a nonprofit. Counsel, as Judge Owens pointed out, the court offered a recess. You say, well, what's he going to do with the recess? Did you? I don't know. Who was the counsel? Were you counsel? I was not. All right. Did counsel below request, the judge, you know, I don't know about a recess. Can I have a continuance? You know, lawyers request continuances during the sentencing phase of a case all the time. And I don't know about this judge's practice. My practice is if there's any kind of reasonable basis for it, I grant it. But there was no request here, was there? I agree, Your Honor. I do not see one in the record. So why, if it was so important, you know, did the lawyer not say, you know, I don't know about going out in the hallway. I don't think I can do much. Can I have a one-week continuance or a two-week continuance? And, Your Honor, the only answer I can give you that, not knowing Mr. Goddard's mind at the time, is simply to repeat my, what I just said, which I think the district court is telegraphing that the logic dictates this enhancement applies. And so that's the best that I can offer, Your Honor. Can I ask you to, I mean, as I understood your brief, your argument is that the lack of, your argument is based on the lack of notice. I did not understand you to be making a argument that, you know, notice or not, this enhancement, the judge was just wrong and the enhancement on this record cannot be applied. Are you making that second argument? I am, Your Honor. My apologies. It's buried in a footnote in the briefing. And where, I confess I missed it. Where is that? I should have had a cite to Ameline, Your Honor. And I believe what it says is we simply, there's simply not enough in the record to substantiate this. Apologies. And if you want to take it up during the government's argument, get back to us. Thank you, Your Honor. The last point I would make on this, recognizing my time is running down, is I took a look, I think mostly covered in the reply brief, at case law across the circuits. And I don't think, some courts make some references that there's sort of a split on these things. And I don't think there is. I think that the circuits across the country are pretty agreed that a district court can impose an enhancement that isn't specifically flagged in the PSR. The really crucial part is that the parties have noticed that they need to litigate the factual matters. And that's what you see in these cases again and again. We find a notice problem where the parties have no idea that they need to show up to court prepared with witnesses or evidence. And that's what we see in some of those Seventh Circuit cases. One of those lines I think I quoted to the court is, if this court adopts what the government is suggesting, it's going to change sentencing. If we have to show up with a reserve bench of witnesses to prepare for any enhancement that might potentially come through, we're going to have to start sending out subpoenas for sentencing. Or, I mean, or has been suggested, you just need to be prepared to object when something like this comes up and say, like, I'm sorry, we need more time. Agreed, Your Honor. But I think that that's a worse outcome, right? Then we have sentencings that just have continuances and continuances instead of just going by the scheme that Rule 32 envisions, which is prior notice. You know, I think there is a big difference between a judge during a somewhat lengthy sentence mentioning, as this judge did here, the consideration of an enhancement. He listens, makes a few comments, and then at the end of the sentencing, out of nowhere, literally out of nowhere, imposes an enhancement. Under those circumstances, nobody has an opportunity, as Judge Miller just suggested, to say anything. But I think that, you know, as a somewhat well-known lawyer said when appearing before the Congress, lawyers are not there to be potted plants. I think that there is a certain incumbency upon a lawyer if they are in a position to have information brought to their attention that they're not interested in trying to argue because they don't have the information. They should ask for a continuance. I've had many instances where I have mentioned, I'm thinking about an upward variance or so forth, or an enhancement. Does anybody want a continuance? And I've had defense counsel say, absolutely not. We're well aware of that argument. We're ready to go today. And I think Your Honor is right. And what I can tell Your Honor is that defense counsel objected. And that is the flag, I think, that he believes this is procedurally incorrect. I've run over my attempted reserve time. We'll give you two minutes for a row. Much appreciated. Thank you, Your Honor. All right. Mr. Ellis, you may proceed when you're ready. Thank you, Your Honors, and may it please the court. My name is Michael Ellis. I'm an assistant United States attorney based in Spokane, Washington. Your Honors have, I think, hit the nail on the head. The district court, after highlighting the additional specific offense characteristic that the court believed might be appropriate, offered the defendant a recess. And the defendant didn't take the court up on this offer. The defendant did not accept the recess. The defendant did not request a continuance. The defendant instead opted to continue with sentencing, despite the district court having made its views on the applicability of the specific offense characteristic readily apparent. And so, assuming that this, as the sort of does in the Rangel case, that abuse of discretion applies to this because the defendant did object procedurally, the district court simply didn't abuse its discretion. The district court put its views on the record. When defense counsel objected, the district court offered a procedural remedy to give the defendant time, and the defendant didn't take the court up on it. So, I think it's hard to say that Mr. Williams was robbed or whatever other ad, whatever verbs are used of his opportunity to respond. He simply didn't take it when it was offered to him. Well, can I ask you, what is the evidence in the record that supports the application of this enhancement? So, the evidence in there, it's, so the government is actually also, I agree to an offense with Mr. Prince that this was unanticipated to the government as well. And if the government had, you know, if the court had given a recess, the government would have looked into it as well. But I do think that my reading of the defendant's, of the appellant's brief here is that the appellant hasn't actually objected on appeal to the substantive applicability of the specific offense characteristic. I don't think you can bury an objection in a footnote in a reply brief and have that stand up. In the opening brief, it is a purely procedural argument about whether or not notice was required and whether the district court, in this case, abused its discretion by whether it applies or not based on the record. I don't think the, I don't think that issue is actually really before the court. I think the only issue before the court is the notice issue. Well, I mean, so just to be clear, I mean, I understand your point about forfeiture, but if supposing that, you know, hypothetically, we didn't agree with you on forfeiture, I mean, I mean, I read your, I guess you were counseled below, right? And I believe it was you at the sentencing hearing who said that you weren't sure whether it was a charitable organization or not. So I take it, if we somehow got past forfeiture, does the government have anything to say in that? My position is the same as it was at sentencing. I was as surprised as the defense. And, you know, as the court's aware, it's the government's burden to support proposed specific offense characteristics. And the record was not, I think, sufficiently developed, which is, I think, the same comment I made during the sentencing hearing, to know whether or not it applied. So I think ultimately, if the court finds that the defense's footnote and reply brief is enough to preserve the substantive argument, I think perhaps remand might be appropriate due to a question about the guideline range. But I do think it comes more down more to the notice where the defense just simply did not take the court up on its offer. So I will point the court to the defense sites heavily to that Seventh Circuit case, Jackson. So I was able to find that there's an Eighth Circuit case, United States versus Korn, 138 F3rd 1239. There was one of the only other appellate cases I found that really substantively addressed Jackson. And that case turned on exactly the issue we've been discussing here. In the Korn case, the Eighth Circuit discussed Jackson as a scenario in which a defendant received notice of the sentencing hearing of an adjustment at the court's request and was denied a continuance or an opportunity to prepare an argument. In Korn, the court noted that the government suggested an adjustment at the sentencing hearing, and the court provided the appellant with an opportunity to object. The appellant did not ask for a recess or a continuance to prepare a response. Here, I think we're actually one step beyond that, because the court not only provided an opportunity to object, the court provided an opportunity to take a break and have defense actually look into the issue. So again, I think if we're dealing with an abuse of discretion standard, the court did what the court was supposed to do, and the defendant just simply didn't take the court up on its offer. So, counsel, I think if I may interject real quick, counsel, because I have a follow-up question. One of the things, if I recall correctly, during the sentencing hearing is that district court judge said, I would impose this 40-month sentence anyway. Even if this enhancement doesn't apply, I would still impose 40 months. I mean, I have tried to understand our circuit's case law on harmless error on sentencing guideline enhancements. The other circuit's law seems actually pretty clear. I'm not sure ours is, and I'm not sure you can say Judge Miller is laughing at me right now, which I appreciate. Can you help us? What is your view of our law when a court says, look, I want to do the plus two for this, but at the end of the day, it doesn't matter because under 3553, I still think a 20-month sentence is appropriate. What do we do with that? And so I think my understanding is that this court has at times held that even in that scenario, a defendant is entitled to a quote-unquote correct guideline calculation. And so it may be some lack of clarity. And the district court, I think, clearly tried to insulate its decision on the specific offense characteristic. But ultimately, the government hasn't raised harmless error in its responsive briefing. So I think to be consistent, the government hasn't forfeited any opportunity for harmless error. I really do want to talk about Rule 32 and the structure of Rule 32 just for a minute. So defense counsel says, or Mr. Prince says, the pre-sentence investigation report is supposed to contain all specific offense characteristics. One or two prongs down at 32D1E, it says something similar about departures. It says the probation officer is supposed to identify any and all departures. But then in 32H, there's a specific rule for when a district court believes that an additional departure, a ground for departure, not referenced by probation, not referenced by the government, applies. And in that scenario, there is a specific rule requiring advance notice. So that is a scenario in which the district court has essentially found something different than probation, despite probation's instruction to include any applicable departures. And there's a notice provision for that. So what I think it comes down to is the court, the rule drafters, believed that these departures required notice, advance notice. This court has already found that variances do not in Rangel. A district court does not have to provide advance notice of the district court is anticipating varying up or down. And so there doesn't seem to be any difference between if there's a specific rule for notice for departures. A specific rule is not required. This court has decided not to read into Rule 32, a specific rule requiring notice for variances. It seems that because the drafters included one notice requirement for not included should not be read into the rule. Again, I'll slaughter the Latin, but there's this statutory construction principle of expressio unius, este exclusio authoris, where basically if a drafter of a statute or rule has included one thing of a type, but not others, the rule or statute should be read to exclude those others. And I think that's directly applicable when Rule 32H exists, providing a notice provision specifically for departures and nothing else. I would note this very quickly on the substantive argument. I cited the Doar case. I think Judge Rice's comments at sentencing are quite similar to the district court's comments in the Doar case that this court found a really quite substantial upward variance was appropriate, or at least had an egregious criminal history dating back essentially his entire life. He was unable over the course of his lifetime to comply with the law for any period, and he targeted vulnerable people to include the victim in this case. So unless the court has any questions for me, my time is up, and I'd finish. All right. Thank you very much, counsel. Thank you. Mr. Prince, two minutes. Thank you, Your Honor. To come back to Judge Miller's question, I think forfeiture is a fair question. It is in a footnote of page 19 in the reply brief, and my apologies. I think all I can say is the nature of the argument, which was there is no factual record available, and both counsel sort of, I overlooked making that formal argument, and I appreciate Mr. Ellis being consistent on his forfeiture positions, but I think your question is a good one. I'd like to pick up just where Mr. Ellis left off, which is Doar. I didn't touch on substantive unreasonableness at all, and I want to offer the court a couple numbers because this is a financial crime. The first number is 800, and that is what Mr. Azeem netted in this, $800. He got $2,400. They split it three ways. $146,000 is what the public is going to pay to incarcerate him for that crime, and it's actually $184,000 if you tack on the extra 10 months to $50,000, and I think those numbers are very telling because I understand that substantive unreasonableness arguments are not popular at the Court of Appeals. I think we win single digits nationally in a year, so I'm realistic, but this is a case where we started at four to 10 months under the guidelines. That's what he came in with a PSR at. The court bumped him up to criminal history category six, and I understand why, and that would have put him without the charitable enhancement at 15 to 21 months, and that's what the Sentencing Commission says is a reasonable sentence, so I think I'd have a very hard time in here arguing 21 months was unreasonable, but then the court essentially doubles it on top of that for the same thing, the criminal history, that it's already bumped him up to criminal history category six, four, and I think Doar is helpful because that is a case where that threatened to kill an FBI agent and his own attorney. That is the situation where a court goes above, and I would note there's some different factual circumstances. He got 300 months, and then appeals started ratcheting down his triggers under the categorical analysis, so he ended up at 276, but only because the categorical analysis took out the underlying basis for that sentence, but you have a sentence where the court goes above the guidelines because that crime and the defendant's conduct during that crime, coupled with his criminal history, was awful. At this point, we have a 40-month sentence for an $800 crime from three destitute people in which the alleged, I shouldn't say the alleged, the victim, JG herself, is complicit in the offense, and so with that, your honors, I'm over my time. Thank you very much, counsel. Thank you both for your briefing and argument in this very interesting case. This matter is submitted, and I should have added that the remaining cases listed on the calendar are also submitted, and we are, this particular panel, these three, this is the last day for us, so thank you, Judge Ezra, and we are adjourned. Thank you. Please rise. The court for this session stands adjourned. Thank you.
judges: OWENS, MILLER, Ezra